IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN SANGRAAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16−cv−0747-NJR |
| | ) | |
| JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Benjamin Sangraal, formerly an inmate at Centralia Correctional Center and Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Sangraal originally filed suit in Case No. 16-cv-550-MJR-SCW on May 17, 2016. The claim in this case was severed from that action on July 6, 2016. (Doc. 1). Although Sangraal is no longer incarcerated, he has moved to proceed *in forma pauperis* (without prepaying the filing fee); thus, the Court will conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). That statute provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal --
>     i.   is frivolous or malicious;
>     ii.  fails to state a claim on which relief may be granted; or
>     iii. seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## DISCUSSION

Accordingly to the complaint, on May 19, 2014, Sangraal wrote a letter to the Director of the Illinois State Police, requesting an investigation into the harassment he had been allegedly experiencing at Centralia Correctional Center. (Doc. 1, p. 36). The letter specifically named Correctional Staff Flagg, Leek, Murray, McCabe, McCance, Mathis, and Lieutenant Johnson. Sangraal marked the envelope as "confidential" and sent it out. (Doc. 1, p. 36). Sangraal attached a money voucher to the letter, which was returned to him stamped "Legal Mail." (Doc. 1, p. 26). When the letter was returned by the postal service as "undeliverable," however, the staff at Centralia opened the letter. (Doc. 1, p. 37). Sangraal brings this suit against the unknown mailroom employee who opened the letter. He alleges that as a result of the letter having been returned to him opened, he suffered an acute anxiety attack and had to request a crisis team. (Doc. 1, p. 37).

The prior review by Chief Judge Reagan found that Sangraal had stated one claim against the John Doe mailroom employee who opened the letter:

**Count 22:** **B**y opening Plaintiff's returned mail to the State Police Director, John Doe violated Plaintiff's First Amendment rights.

Although the First Amendment offers some protection to all kinds of inmate mail, the law distinguishes between legal and non-legal mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) ("Prison regulations or practices that affect a prisoner's legal mail are of particular concern because of the potential for interference with a prisoner's right of access to the courts."). Prison officials may inspect all mail for contraband, but a prisoner's rights may be violated when legal mail is opened outside of his presence. *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974); *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). A letter marked with an attorney's name and a warning that the letter is legal mail will be considered legal mail. *Kaufman*, 419 F.3d at 685-686.

The law does not distinguish between privileged mail and non-privileged mail; privileged mail is a creation of Illinois Department of Corrections regulations. *See Jenkins v. Huntley*, 235 F. App'x 374, 376 (7th Cir. 2007). Prisoners have no constitutional right to see that the Illinois Department of Corrections regulations are enforced. *See Whitman v. Nesic*, 368 F.3d 931, 935 n. 1 (7th Cir. 2004); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (finding that § 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Even allegations that a party violated a state mandatory rule do not necessarily state a constitutional claim. *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001); *White v. Henman*, 977 F.2d 292, 295 (7th Cir. 1992) (the

violation of an administrative rule is not the same as a violation of the Constitution). The fact that Centralia officials may have violated the Illinois Administrative Code is not relevant to the analysis of whether Sangraal has stated a cognizable legal claim.

Here, Sangraal has alleged that he sent privileged mail to the Director of the Illinois State Police, not for the purpose of filing or pursuing a lawsuit, but rather the ask the Director to open an investigation into the conduct of certain guards at Centralia.[1] Sangraal was not writing to an attorney or seeking legal advice. The letter was not marked with as attorneys' mail nor was it marked legal mail on the envelope. Therefore, it is doubtful that Sangraal's mail is legal mail.

And even if it was, a prisoner states a First Amendment claim related to legal mail to the extent that the interference with the legal mail hinders a prisoner's pursuit of his case. *Kaufman*, 419 F.3d at 685-86. Here, Sangraal has neither alleged that the interception of his letter upon return to the prison interfered with any pending matter, nor has he identified that matter. Thus, to the extent that Sangraal is trying to bring a claim for interference with legal mail, the claim fails.

Turning now to whether Sangraal has adequately stated a claim for interference with his non-legal mail, Sangraal has alleged a single incident of opening returned mail. Opening non-legal mail does not state a claim; prison officials are authorized to conduct searches of mail. *See Rowe*, 196 F.3d at 782 ("prison security is 'a sufficiently important

---

[1] Although Sangraal alleges that he suffered anxiety that the guards might be aware of the contents of the letter, the complaint reveals that he got into several arguments with the guards at issue regarding their conduct, suggesting that the guards were likely aware of the nature of his complaints prior to the interception of the letter.

governmental interest to justify limitations on a prisoner's first amendment rights'"); *Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) ("provisions of this type do not impermissibly intrude on First Amendment rights"); *Smith v. Shimp*, 562 F.2d 423, 425 (7th Cir. 1977). A valid claim for other interference with non-legal mail requires an allegation that there has been "a continuing pattern or repeated occurrences" of mail interference. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir. 1987))). Because Sangraal has alleged only a single incident of mail interference, he has failed to state a First Amendment claim. This action will therefore be **DISMISSED with prejudice**.

### PENDING MOTIONS

Sangraal filed a motion to proceed IFP in conjunction with the complaint. (Doc. 3). Because the complaint has failed to state a claim upon which relief could be granted, the Court **DENIES** the Motion to proceed IFP. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

### DISPOSITION

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915 for failure to state a claim upon which relief may be granted.

If Sangraal wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues he plans to

present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Sangraal does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  August 16, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**